IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAJI JOHNSON,

    Plaintiff,

v.

JOAN HANNULA, *et al.*,

    Defendants.

ORDER

14-cv-155-wmc

---

Plaintiff Haji Johnson has filed this civil action pursuant to 42 U.S.C. § 1983, alleging that he was denied adequate medical care, or that care was delayed, for a serious medical condition while incarcerated in state prison. Johnson has been found eligible to proceed *in forma pauperis* and the court has granted him leave to proceed with claims under the Eighth Amendment against a physician (Dr. Joan Hannula), a nurse practitioner (Judy Bentley), a registered nurse (Deb Arnwick) and a Health Services Unit Supervisor (Jean Anne Voeks). Now pending before the court is Johnson's request for assistance in recruiting a *pro bono* attorney.

The court may exercise its discretion in determining whether to recruit counsel *pro bono* to assist an eligible plaintiff who proceeds under the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono publico*."). Before deciding whether it is necessary to recruit counsel, a court must find that the plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful, or that he has been prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). This generally requires plaintiff to provide the names and addresses of at least three attorneys to whom he has

written seeking *pro bono* representation, but have turned him down. Johnson has contacted several attorneys, but has had no success in obtaining representation. Thus, it appears that he has met the threshold requirement.

The next step is to determine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). A court may consider any or all of the following five factors when making this determination: (1) the merits of the claim for relief; (2) the ability of plaintiff to investigate crucial facts unaided; (3) whether the nature of the evidence indicates the truth will more likely be exposed when both sides have counsel; (4) the indigent's capability to present the case; and (5) the complexity of the legal issues involved. *Jackson*, 953 F.2d at 1072.

In this case, Johnson contends that he was misdiagnosed with irritable bowel syndrome and that Nurse Practitioner Bentley, Nurse Arnwick and Dr. Hannula violated his Eighth Amendment rights by refusing to refer him to a specialist in 2009. He claims that this refusal resulted in his being denied care for ulcerative colitis, or at least in that care being delayed until 2011, when he was finally seen by a specialist at UW. Thereafter, Johnson claims that Dr. Hannula and HSU Supervisor Voeks were deliberately indifferent to his need for a special diet and for adequate care for ulcerative colitis.

Johnson notes that his case involves extensive medical records, letters, health service requests and inmate complaints spanning over six years. Johnson reports that obtaining discovery of this information has already posed a problem, as prison officials recently destroyed an envelope of materials sent to him by his mother. (Dkt. # 36, Exh. 1).

Johnson notes further that this case will likely require expert testimony. Based on these factors, Johnson argues that the case exceeds his ability to litigate on his own.

Although Johnson has capably represented himself so far in this lawsuit, he will bear the burden to present admissible evidence permitting a reasonable trier of fact to conclude that defendants acted with deliberate indifference to his serious medical need to be successful on his claim, which is a high standard. In particular, it will be Johnson's burden to prove: (1) his condition constituted a serious medical need; and (2) perhaps even more daunting, that the defendants knew his condition was serious, caused associated pain and suffering, could be relieved by prescription medication and deliberately ignored his need for this medication. Both elements may well require Johnson to obtain and offer credible, expert testimony from a physician in the face of medical evidence to the contrary. Because it appears that this case involves complex medical evidence and constitutional claims that depend on the defendants' state of mind, the court will grant Johnson's request for assistance in recruiting *pro bono* counsel to assist him going forward.

## ORDER

IT IS ORDERED that:

1. Plaintiff Haji Johnson's motion for assistance in recruiting pro bono counsel (Dkt. #36) is GRANTED.

2. All deadlines in the pretrial conference order (Dkt. # 37) are vacated and this case is STAYED pending recruitment of counsel.

3. Plaintiff Johnson's motion to supplement the complaint with a claim for declaratory relief (Dkt. # 38) and his motion for a preliminary injunction

3

(Dkt. # 39) are DENIED without prejudice to reasserting those motions after counsel is recruited.

Entered this 29th day of September, 2014.

BY THE COURT:

WILLIAM M. CONLEY
District Judge