IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAJI JOHNSON,

              Plaintiff,

  v.

DR. JOAN HANNULA, *et al.*,

              Defendants.

ORDER

14-cv-155-wmc

---

      State inmate Haji Johnson has been granted leave to proceed on claims that medical staff employed by the Wisconsin Department of Corrections acted with deliberate indifference in (1) refusing to refer him to a colon specialist and (2) failing to provide him with a special diet and adequate care for his ulcerative colitis. (Dkts. ##19, 35). After the court successfully recruited counsel for plaintiff, the following amended schedule was set for this case: amendments to pleadings were due February 27, 2015; dispositive motions are due on October 13, 2015, and trial is set for March 1, 2016. (Dkt. #47). The court subsequently granted plaintiff's timely motion to amend his complaint to add claims that Eric Doe, a registered nurse at Jackson Correctional Institution, failed to timely provide plaintiff with previously prescribed medication for his ulcerative colitis between September 30 and October 23, 2014. (Dkt. #49). Plaintiff has now filed a second motion to supplement the complaint to add claims that Tammy Maassen, the Nursing Supervisor at Jackson Correctional Institution, and Diane Huber, a registered nurse, were deliberately indifferent to his medical needs by failing to provide him with medication for his ulcerative colitis between May 21 and June 19, 2015. (Dkt. #56).

Plaintiff's motion will be denied because he has given the court no reason to grant it. Plaintiff did not file a brief with his proposed supplement and has not addressed the considerations relevant to his motion under Fed. R. Civ. P. 15. Although it is clear from the face of plaintiff's supplement that his proposed claims against Maassen and Huber are closely related to the claims on which he is already proceeding, plaintiff will not be permitted to supplement his complaints without end. At some point, he must focus on the claims on which he has been allowed to proceed.

This is particularly true at this stage in the litigation, with the dispositive motion deadline less than one month away. Plaintiff's proposed supplement would no doubt require defendants' counsel to meet with new defendants and investigate new allegations and claims, all before the October 15 dispositive motion deadline. Plaintiff has not even attempted to address these concerns.

It may be that plaintiff believes that he can obtain meaningful relief only if his claims against Maasseen and Huber are included in this lawsuit, but this is not obvious from the additional, proposed allegations. Plaintiff seeks no specific injunctive relief against these newly proposed defendants and his allegations do not suggest that they are solely or primarily responsible for his treatment. To the contrary, both would appear on the face of the proposed pleading to be subject to the direction of medical doctors who are already named defendants.

Because plaintiff has provided no reason why he should be granted leave to supplement his complaint at this late stage of the proceedings, his motion will be denied, albeit without prejudice.

ORDER

IT IS ORDERED that plaintiff Haji Johnson's second motion to supplement his complaint, dkt. #56, is DENIED without prejudice.

Entered this 22nd day of September, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge